**Terry J. DOERR, Appellant,**

v.

**Beverly A. DOERR, Appellee.**

**No. 2006–CA–000739–MR.**

Court of Appeals of Kentucky.

March 21, 2008.

Discretionary Review Denied by Supreme Court Nov. 19, 2008.

---

Raymond J. Naber, Jr., Matthew J. Golden, Louisville, KY, for appellant.

Troy Demuth, John H. Helmers, Jr., Louisville, KY, for appellee.

Before COMBS, Chief Judge; ACREE and TAYLOR, Judges.

## OPINION

ACREE, Judge.

Terry J. Doerr appeals from a March 10, 2006, order of the Jefferson Family Court denying his motion for relief from the property settlement agreement incorporated into his dissolution decree from Beverly A. Doerr. The sole issue on appeal is whether Terry was entitled to an evidentiary hearing before the trial court to present additional evidence in support of his motion. Finding the trial court's order to be clearly erroneous, we reverse and remand.

Terry and Beverly were married on February 3, 1969. Their divorce decree was entered on January 12, 1990. The divorce decree contained a provision regarding Terry's retirement benefits:

> The Respondent is currently the beneficiary and the recipient of a monthly retirement pension pursuant to his employment at Louisville AFSS Department of Transportation FAA. The Petitioner and Respondent shall equally divide said monthly pension benefits accrued during the course of the marriage and the Respondent shall remain the beneficiary of said Civil Service Pension. The Respondent will be responsible for any and all costs associated with remaining the beneficiary of said Civil Service Pension.

Neither party appealed the judgment.

During the parties' marriage and after, Terry was employed by the Louisville AFSS Department of Transportation FAA. Terry retired in 2005 and his retirement benefits have since been administered by a federal agency, the Office of Personnel Management ("OPM"). Upon his retirement, Terry noticed that under the OPM's Regulations controlling administration of retirement benefits,[1] Beverly's share of his pension benefits included merit-based salary increases earned after their 1990 divorce. Realizing their settlement agreement lacked specific language which he felt was necessary to reflect both parties' original intent (to divide the pension benefits accrued during their marriage), Terry filed

---

1. *See* 5 Code of Federal Regulations (C.F.R.)     § 838.

a motion with the Jefferson Family Court seeking to modify the 1990 decree. Terry's motion was heard on February 13, 2006. The trial court declined to hold an evidentiary hearing and took the matter under submission. On March 10, 2006, the trial court denied Terry's motion, finding it lacked jurisdiction[2] over the matter and advising the Appellant to seek relief in Federal Court. This appeal followed.

We disagree with the trial court's decision to deny Terry's motion for lack of subject matter jurisdiction. While Congress charged the OPM with making the benefits determinations concerning federal civilian employees,[3] it also mandated that the OPM avoid resolving disagreements between parties concerning the validity or the provisions of court orders. 5 CFR § 838.101(a). Congress provided that jurisdiction over such disagreements rests with the courts—in this case, with the Jefferson Family Court. *Id.*

Section 838.101(a) provides:

(1) This part regulates the Office of Personnel Management's handling of court orders affecting the Civil Service Retirement System (CSRS) or the Federal Employees Retirement System (FERS), both of which are administered by the Office of Personnel Management (OPM). Generally, OPM must comply with court orders, decrees, or court-approved property settlement agreements in connection with divorces, annulments of marriage, or legal separations of employees, Members, or retirees that award a portion of the former employee's or Member's retirement benefits or a survivor annuity to a former spouse.

(2) In executing court orders under this part, OPM must honor the clear instructions of the court. Instructions must be specific and unambiguous. OPM will not supply missing provisions, interpret ambiguous language, or clarify the court's intent by researching individual State laws. In carrying out the court's instructions, OPM performs purely ministerial actions in accordance with these regulations. Disagreement between the parties concerning the validity or the provisions of any court order must be resolved by the court.

Here, the underlying proceeding arose from a disagreement concerning the provisions of Terry and Beverly's divorce decree. As stated in the above-quoted section, the OPM "performs purely ministerial actions" and any "[d]isagreement . . . concerning the validity or the provisions of any court order must be resolved by the court." 5 C.F.R. § 838.101(a)(2). Because the section expressly authorizes state courts to resolve disagreements like the one in question, we hold that the subject matter jurisdiction of the issue raised by Terry is with the Jefferson Family Court. The family court erred by holding that it did not have subject matter jurisdiction.

Terry requests that this Court order the Jefferson Family Court to conduct an evidentiary hearing on his CR 60.02 motion. However, it is not clear from the record whether Beverly objects to the modification itself, or is merely objecting to the forum in which the modification is sought. Because it is possible that this matter could be decided summarily, we decline to compel the family court to conduct an evi-

---

**2.** Final decisions of the OPM are appealable to the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 8461(e)(1). Appeals from the final decisions of the MSPB are to the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703; 28 U.S.C. § 1295(a)(9).

**3.** *See* 5 U.S.C. § 8461(d).

dentiary hearing. However, resolution of the issue is properly before that court.

For the foregoing reasons, the order of the Jefferson Family Court is reversed and remanded for proceedings consistent with this opinion.

ALL CONCUR.